NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TRACY M. BAILEY,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2017-2065

---

Petition for review of the Merit Systems Protection Board in No. DE-0845-17-0020-I-1.

---

Decided: October 4, 2017

---

TRACY M. BAILEY, Marana, AZ, pro se.

DAVID PEHLKE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., REGINALD T. BLADES, JR.

---

Before MOORE, PLAGER, and STOLL, *Circuit Judges.*

PER CURIAM.

Tracy Bailey appeals from a Merit Systems Protection Board ("Board") decision affirming the Office of Personnel Management's ("OPM") denying her requests for (1) waiver of repayment of a Federal Employee Retirement System ("FERS") annuity benefits overpayment and (2) a repayment schedule adjustment. For the reasons discussed below, we *affirm*.

## BACKGROUND

Ms. Bailey, a former employee of the United States Postal Service ("USPS"), applied for FERS disability retirement benefits on April 5, 2010. OPM granted her application, and she received payments effective February 16, 2008, the day after Ms. Bailey's last day in pay status at USPS. In a letter dated December 3, 2012, OPM requested that Ms. Bailey provide the current status of her application for social security benefits. She responded that she was denied social security disability benefits, but requested or planned to request reconsideration or appeal the decision with the Social Security Administration ("SSA").

On February 1, 2013, Ms. Bailey became entitled to social security disability benefits. In a letter dated February 24, 2014, OPM informed Ms. Bailey that it learned of her entitlement to social security benefits and adjusted her FERS annuity benefits accordingly. It informed her that OPM had overpaid her FERS annuity benefits by $6,518 for the period of February 1, 2013 through January 30, 2014 and it would collect the overpayment in 36 monthly installments of $181.05 and a final installment of $0.20.

Ms. Bailey requested waiver of OPM's recovery of any overpayment, submitted a financial resources questionnaire ("FRQ"), and requested lower installments in the amount of $25 per month if waiver was denied. OPM

requested updated financial information in August 2016, and Ms. Bailey submitted a second FRQ. On August 31, 2016, OPM denied Ms. Bailey's request for waiver, but reduced the collection rate to 130 monthly installments of $50 with a final installment of $18.

Ms. Bailey appealed OPM's decision to the Board, and the Administrative Judge ("AJ") affirmed. The AJ determined OPM met its burden to establish the existence and amount of an overpayment and Ms. Bailey failed to show eligibility for a waiver or further adjustment to the repayment schedule. The AJ's initial decision became the final decision of the Board on May 25, 2017. Ms. Bailey appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Our review of the Board's decision is limited by statute. We must affirm a final decision of the Board unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. Nat'l Labor Relations Bd.*, 305 U.S. 197, 229 (1938).

Repayment of FERS overpayments may be waived when, in OPM's judgment, the individual "is without fault and recovery would be against equity and good conscience." 5 U.S.C. § 8346(b); *see also* 5 U.S.C. § 8470(b); 5 C.F.R. § 845.301. A recipient of an overpayment is without fault if she performed no act of commission or omission which resulted in the overpayment. 5 C.F.R. § 831.1402. Recovery is against equity and good conscience when it would cause the recipient financial hardship, the recipient can show she relinquished a valuable right or changed positions for the worse because

of notice that such payment would be made or because of the incorrect payment, or recovery would be unconscionable under the circumstances. *Id.* § 845.303. When OPM determines the recipient is ineligible for waiver, she may be entitled to an adjustment in the recovery schedule. *Id.* § 845.301. The recipient of the overpayment must establish by substantial evidence that she is eligible for waiver or an adjustment in repayment schedule. *Id.* § 845.307.

On appeal, Ms. Bailey concedes the Board applied the correct law. Nevertheless, she argues the Board failed to take into account the fact that she informed OPM of her award of social security disability benefits as soon as she learned of the award. She also argues the Board failed to consider her financial situation, including her income and expenses. We agree with Ms. Bailey that the Board applied the correct legal framework, and we conclude substantial evidence supports the Board's findings.

With regard to waiver, the Board found that OPM provided Ms. Bailey advance notice that her FERS benefits would be reduced to account for the receipt of social security benefits and that she should set aside the award of any benefits pending OPM's recoupment of any over-payments. It found that Ms. Bailey failed to notify OPM about her social security award and OPM independently learned of the award. These fact findings are supported by substantial evidence.

The record shows OPM sent Ms. Bailey letters, dated August 5, 2010 and December 3, 2012, informing her that if the SSA awards monthly benefits, she must notify OPM of the amount and effective date of the monthly award. The December letter expressly informs her that her FERS disability benefit must be reduced on account of any award of social security benefits. It informs her that she is legally required to repay OPM for any overpayment of FERS disability benefits due to receipt of social security

benefits and if the SSA sends a retroactive payment, she must hold that award until she receives notice of the amount of overpayment from OPM so she has sufficient funds to repay the duplicate payment. The record also contains a letter from an OPM representative submitted to the AJ for purposes of Ms. Bailey's appeal, indicating OPM independently learned of Ms. Bailey's social security benefits through a survey match in January 2014.

With regard to adjustment in the repayment schedule, the Board determined Ms. Bailey failed to show that she needs substantially all of her current income to meet her current ordinary and necessary living expenses and liabilities. Contrary to Ms. Bailey's assertion on appeal, the Board considered her financial situation in determining whether OPM's adjusted repayment schedule of $50 per month would cause her financial hardship. It expressly identified Ms. Bailey's financial information submitted in her August 2016 FRQ. It reviewed, and credited or rejected, OPM's calculations and compared Ms. Bailey's monthly income and expenses.

We have considered Ms. Bailey's remaining arguments and find them unpersuasive.

## CONCLUSION

For the foregoing reasons, the decision of the Board is *affirmed*.

## AFFIRMED

### COSTS

No costs.